**DI LI, Petitioner,**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General,[1] Respondent.**

**No. 08–5943–ag.**

United States Court of Appeals, Second Circuit.

Oct. 22, 2009.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H.

Yee Ling Poon, New York, NY, for Petitioner.

Tony West, Assistant Attorney General, Cindy S. Ferrier, Senior Litigation Counsel, Matt A. Crapo, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Di Li, a native and citizen of the People's Republic of China, seeks review of a November 14, 2008 order of the BIA denying his motion to reopen. *In re Di Li*, No. A098 593 690 (B.I.A. Nov. 14, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir.2006) (citing *INS v. Doherty*, 502 U.S. 314, 322–23, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992)). The BIA's regulations require an individual seeking to reopen proceedings to file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. *See* 8 C.F.R. § 1003.2(c)(2). There is no dispute that Li's June 2008 motion was timely. Thus, he was required to demonstrate that he was *prima facie* eligible for relief and that the evidence he submitted was material and not previously available. 8 C.F.R. § 1003.2(a), (c)(1); *see I.N.S. v. Abudu*, 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

The BIA did not abuse its discretion in finding that Li failed to demonstrate that he was *prima facie* eligible for asylum relief. *See Abudu*, 485 U.S. at 104–05, 108 S.Ct. 904 (holding that a the agency may deny a motion to reopen where the movant fails to show that he is *prima facie* eligible for relief). Li asserts that the BIA applied

Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

an improper standard, requiring him to demonstrate something more than that there was a "realistic chance" that he would be able to establish eligibility for asylum. However, we find nothing in the BIA's decision indicating that it applied a heightened standard.

Li further argues that the BIA erred in not considering his affidavit or addressing probative background evidence in the record. As we have held, the BIA has an obligation to consider the "record as a whole," and may abuse its discretion by denying a motion to reopen without addressing "all the factors relevant to [a] petitioner's claim." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 97 (2d Cir. 2001). Here, however, the record does not compellingly suggest that the BIA failed to take into account all of the evidence before it. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 338 (2d Cir.2006); *see also Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006). While the BIA did not mention Li's affidavit in its decision, it was not required to do so. *See Xiao Ji Chen,* 471 F.3d at 338 n. 17. Rather, it was reasonable for it to have concluded that Li's claim was "too speculative" to merit relief when his fear was based on his own religious conversion in this country and the affidavit described only unattributed reports of mistreatment. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 160 (2d Cir.2008) (concluding that "unattributed reports" did not, by themselves, persuasively demonstrate a reasonable possibility that petitioner would face future persecution).

As to Li's assertion that he will suffer persecution "simply by being prohibited from practicing his religion," he did not exhaust that argument before the BIA. Accordingly, we decline to consider it in the first instance. *See Lin Zhong v. U.S.*

*Dep't of Justice,* 480 F.3d 104, 119–20 (2d Cir.2007).

Ultimately, because Li is under a final order of removal and did not demonstrate his *prima facie* eligibility for relief, the BIA did not abuse its discretion in denying his motion to reopen. *See* 8 C.F.R. § 1003.2(a); *Abudu,* 485 U.S. at 104–05, 108 S.Ct. 904.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).